**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

---

Moonsung Kim

                           Plaintiff,

     v.

Diane H. Lee, The Law Offices of Diane H. Lee,
P.C., The Korea Central Daily News, Inc dba
The Korea Daily New York and Joong-Ang
Daily News California, Inc.

                    Defendants,

---

Index No. 21-cv-3552

**COMPLAINT**

Plaintiff, Moonsung Kim ("Kim"), through his attorney, for his Complaint against The Korea Central Daily News, Inc dba The Korea Daily New York, Joong-Ang Daily News California, Inc (collectively "KD or KD Defendants"), Diane Lee, and The Law Offices of Diane H. Lee, P.C (collectively "DL Defendants") states as follows:

## NATURE OF PLAINTIFF'S CLAIMS

1.     This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. §215, 29 U.S.C. § 215 (a)(3), *et. seq.* ("FLSA"), and the New York Labor Law ("NYLL"), N. Y. Lab. Law § 650, § 215, et seq. for Defendants' retaliation against Plaintiff after he filed FLSA complaint.

## THE PARTIES

**The Plaintiff**

2.     Plaintiff Moonsung Kim was a former employee of KD Defendants.

3.     Plaintiff Kim worked for KD for almost 20 years in their newspaper printing department.

4.     In June of 2018, Kim was laid off as KD decided to outsource printing its newspaper and lay off all its printing department employees.

5.     While he worked for KD, plaintiff performed countless hours of unpaid overtime work. However, despite having been sued multiple times for the same wage & overtime violations throughout the U.S., KD did not maintain any type of time tracking devices to keep track of employees' work hours and did not pay overtime wage to many of its employees including Kim.

6.     Because Kim and the rest of the printing department employees were the only employees who worked night shift from evening to the early next morning, none of the other employees of KD regularly saw how late Kim and the rest of printing department employees worked.

7.     As he was notified that his employment would be terminated soon, Kim felt deeply betrayed by KD for whom he worked tirelessly for almost 20 years without receiving proper overtime wage.

8.     Although Kim and the other printing department employees knew that KD never paid them their proper overtime wage, it was difficult to sue their employer while they were still employed by them.

9.     Kim decided to sue KD for overtime law violation after his employment is terminated. Since KD never tracked any of employee's work hours, Kim thought he should preserve certain documents that would support his claim that he worked unpaid overtime hours.

10.    On June 29, 2018, Plaintiff Kim filed a lawsuit against KD Defendants under FLSA and NYLL to claim his unpaid overtime wage. See *Lee et al., v. The Korea Central Daily News, Inc, et al.*, 18-cv-3799 ("Wage case").

11.     During Wage case discovery process, to respond to KD's document production request, Kim disclosed the documents he had retained while he worked for KD to his counsel so that his attorney could disclose them. Kim had never disclosed those documents to anyone else and only provided to his attorney so that his attorney could disclose to KD.

**The Defendants**

12.     KD Defendants are and were at all relevant times hereto engaged in the business of Korean Language Newspaper Company.

13.     The Korea Central Daily News, Inc., a subsidiary of Defendant Joong-Ang Daily News California, Inc., was doing business as The Korea Daily New York and is an enterprise as defined by in Section 3(r)(1) of the FSLA, 29 U.S.C. §203(r)(I), and is an enterprise engaged in commerce or the production of goods for commerce within the meaning of Section 3(s)(1)(A) of FLSA 29 U.S.C. §203(s)(1)(A).

14.     Defendant Joong-Ang Daily News California, Inc. is the parent company of the Korea Central Daily News, Inc. and as defined by in Section 3(r)(1) of the FSLA, 29 U.S.C. §203(r)(I), it is an enterprise engaged in commerce or the production of goods for commerce within the meaning of Section 3(s)(1)(A) of FLSA 29 U.S.C. §203(s)(1)(A).

15.     Defendants Joong-Ang Daily ("JA") and Korea Daily News ("KDN") are joint employers in that they both had control over all aspects of the Plaintiff's employment terms and conditions.

16.     JA is no stranger to FLSA lawsuits as it had been sued in Virginia, Illinois, California and possibly more places. Both Illinois and California lawsuits were filed by employee(s) from printing department for unpaid overtime wage.

17.     California lawsuit was tried and JA lost in trial court and appealed it to appellate court and lost again.

18.     All presidents of KDN had been appointed by JA. KDN regularly reports its financials and operating status to JA. KDN received financial support from JA during the entire time of its existence.

19.     Throughout Plaintiff's employment, KDN acted directly and/or indirectly in the interest of JA in relation to the employee.

20.     JA and KDN shared control of the Plaintiff, directly or indirectly because JA controls KDN. JA had complete control over KDN's economics.

21.     KDN is a wholly-owned subsidiary of JA and JA acted as headquarter of all its subsidiaries including KDN.

22.     JA and KDN hired Kim in 1999 and fired Kim in 2018.

23.     Defendant Diane Lee is an attorney for the KD in Wage case Kim filed against KD. After the case was filed, she retaliated against plaintiff Kim by filing frivolous counterclaims and repeatedly made threats against Kim during his deposition.

24.     Defendant The Law Offices of Diane H. Lee, P.C. is a law firm and an employer of defendant Diane Lee. It is being named as a defendant under Respondeat Superior doctrine.

## JURISDICTION AND VENUE

25.     This Court has jurisdiction over Plaintiff's retaliation claim under 29 U.S.C. § 215 (a)(3), *et. seq.* ("FLSA"). Venue is proper in this judicial district as the facts and events giving rise to Plaintiff's claims occurred in this judicial district. This Court has supplemental jurisdiction over Plaintiff's state law claim, the New York Labor Law ("NYLL"), N. Y. Lab. Law § 650, § 215, et seq. pursuant to 28 U.S.C § 1367.

## COUNT I
## FAIR LABOR STANDARDS ACT
### Violation of FLSA Retaliation

26.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

27.     Section 15(a)(3) of the FLSA establishes a violation for "any person" to "discharge or in any other manner discriminate against an employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this Act, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee."

28.     After the Wage case was filed against KD, plaintiff Kim, in response to defendants' document production request, produced certain documents to defendants to prove the hours he claimed to have worked for defendants. These documents should have been produced by KD but they did not produce them.

29.     Among other things, the documents Kim produced are emails plaintiff Kim wrote to his coworkers regarding the work his department was required to do, daily and weekly logs of the printing department, showing how many sections of newspapers are printed, at what time each day and each week.

30.     Kim kept these documents to prove his hours worked in his wage case.

31.     After the deposition, KD defendants directed defendant Diane Lee to file groundless counterclaims against plaintiff Kim. The counterclaims against Kim are directly the result of and in retaliation against Kim filing a complaint against KD defendants for violating the Fair Labor Standards Act.

32.    Further, during Kim's deposition on August 21, 2020, defendant Lee made several

threats and made intimidating comments to Kim. Some of the exchange went like below:

```
      MS. LEE:  Right, other than the

   2       fact that he admitted copying the

   3       files.


 4     Lee: Do you know that is considered

 5   illegal?

   6          MR. KIM:  Objection.  It's legal

   7       conclusion.

   8          MS. LEE:  I'm asking for his

   9       opinion.

  10          MR. KIM:  What opinion?

  11          MS. LEE:  I'm asking if he knows

  12        that that's illegal.

  13          MR. KIM:  That's how you're

  14       characterizing it.

Lee: Do you know if it's illegal?

Lee: Did you know that was improper?

   4       A.   I didn't know.

   5      L e e : Did you know it's considered

   6    theft?

   7          MR. KIM:  Objection.  That's false

   8       characterization.  Are you continuing

   9       with this --
```

6

```
10              MS. LEE:  Yes, I am, and you
11         objected. Objection is noted.
12         Lee:  Answer my question.
```

33.    Defendant Lee's threats, thinly disguised as questions during Kim's deposition, made Kim to feel that he had committed a crime of "theft" which was "illegal" and "improper". It made plaintiff extremely fearful and nervous about potentially facing criminal retribution.

34.    Kim immigrated from South Korea as an adult and does not speak much English. Kim never attended school in the U.S. and his highest level of education is high school diploma earned in South Korea.

35.    Kim had never been deposed before so naturally he was nervous to begin with to answer questions in tense setting. When Lee asked him that whether he knew he had committed a "theft," he became gravely concerned that KD and Lee could take necessary actions to send him to a prison.

36.    Kim's intent was to prove that he did work overtime hours but KD did not pay him. Since KD did not track employees' time and no one saw him and his department working long hours of unpaid overtime, he believed he needed keep documents to prove his claim of unpaid overtime work.

37.    When objected to by the opposing counsel that such a line of questioning was improper and asked to stop making such comments/questions, defendant Lee stated that she was asking those questions to seek plaintiff Kim's "opinion."

38.    As an attorney who has been practicing for almost 30 years, defendant Lee certainly did not need to ask Kim's opinion about whether what Kim had done was a crime or not.

There simply was no legitimate reason to question Kim whether he knew that he committed "theft."

39.     It was purely a pretext to create fear in Kim's mind that he could be criminally prosecuted. Those questions were asked so that Kim might change his mind and drop his Wage lawsuit against KD.

40.     On December 30, 2020, Defendant Lee proceeded to file counterclaims against plaintiff Kim. The counterclaims are all related to Kim retaining the documents he produced to KD.

41.     Lee also alleged that Kim was guilty of "theft and misappropriation of defendants confidential and proprietary information and documents." Lee claims that "as a result, [sic] Plaintiff Kim's actions, Defendants were and continue to be damaged in an amount to be determined at trial."

42.     Defendants have not been damaged at all by plaintiff's alleged actions and the counterclaims were solely made against Kim to retaliate against him because he filed this suit against KD to recover unpaid wages.

43.     KD directed Lee to file these counterclaims that have no merits and Lee and Lee's Law firm proceeded to file it with a Court and thereby committing retaliation against Kim.

44.     Lee also made threats and made intimidating accusations during Kim's deposition that Kim committed theft and took illegal actions.

45.     Defendant Diane Lee continued to make those threats to Kim and repeated them even after Kim's counsel objecting Lee's such line of improper questioning.

   **WHEREFORE**, Plaintiff Kim prays for a judgment against all Defendants as follows:

   A.  An award of punitive damages for all Defendants' retaliation against Kim;

B.  Reasonable attorney's fees and costs incurred in filing this action; and

C.  Such other and further relief as this Court deems appropriate and just.

## COUNT II
### Violation of NYLL Retaliation

46.    All allegations of the Complaint are expressly incorporated herein and Plaintiff repeats and realleges each and every allegation set forth in this Complaint as though set forth fully at length herein.

47.    New York Consolidated Laws, Labor Law - LAB § 215 states as follows:

>       (a)  No employer or his or her agent, or the officer or agent of any corporation, partnership, or limited liability company, or any other person, shall discharge, threaten, penalize, or in any other manner discriminate or retaliate against any employee (i) because such employee has made a complaint to his or her employer, or to the commissioner or his or her authorized representative, or to the attorney general or any other person, that the employer has engaged in conduct that the employee, reasonably and in good faith, believes violates any provision of this chapter, or any order issued by the commissioner (ii) because such employer or person believes that such employee has made a complaint to his or her employer, or to the commissioner or his or her authorized representative, or to the attorney general, or to any other person that the employer has violated any provision of this chapter, or any order issued by the commissioner (iii) because such employee has caused to be instituted or is about to institute a proceeding under or related to this chapter, or (iv) because such employee has provided information to the commissioner or his or her authorized representative or the attorney general, or (v) because such employee has testified or is about to testify in an investigation or proceeding under this chapter, or (vi) because such employee has otherwise exercised rights protected under this chapter, or (vii) because the employer has received an adverse determination from the commissioner involving the employee.

48.    Kim filed an unpaid wage claim against KD in federal court.

49.    During the deposition of Kim in the Wage case, Defendant Lee and the KD defendants, by making threats and intimidation during Kim's deposition and by filing

counterclaims against him that are meritless, have retaliated against Kim and thereby violated 215(1)(a) of the NYLL.

    **WHEREFORE**, Plaintiff Kim prays for a judgment against all Defendants as follows:

D.  An award of punitive damages for all Defendants' retaliation against Kim;

E.  Reasonable attorney's fees and costs incurred in filing this action; and

F.  Such other and further relief as this Court deems appropriate and just.

## JURY TRIAL

    A jury trial is demanded on all Counts.

    Respectfully submitted,

Dated: April 21, 2021

                          /s/ Ryan Kim
                         Ryan J. Kim

                         Ryan J. Kim, Esq.
                         Ryan Kim Law, P.C.
                         222 Bruce Reynolds Blvd. Suite 490
                         Fort Lee, NJ 07024
                         ryan@RyanKimLaw.com